1  Shaye Mann, Bar #021916
   LAW OFFICES OF SHAYE MANN, PLLC
2  1212 E. Osborn Road, Suite 111
   Phoenix, Arizona 85014
3  Telephone: (602) 682 - 5540
   Fax: (602) 682 - 5553
4  Shaye@Mannazlaw.com

5  *Attorneys for Defendants David Montiel and*
   *On-Auk-More Trade Center*

6

7              **UNITED STATES DISTRICT COURT**

8                   **DISTRICT OF ARIZONA**

9  ROLLING FRITO-LAY SALES, a Delaware          NO. CV11-01361-PHX-FJM
   Partnership,
10                                              **DEFENDANTS MONTIEL AND**
                                   Plaintiff,   **ON-AUK-MOR'S MOTION TO**
11                                              **DISMISS FOR LACK OF**
       v.                                       **PERSONAL AND SUBJECT**
12                                              **MATTER JURISDICTION**
   REBECCA STOVER, DAVID MONTIEL,
13 AUK-MORE and THE SALT RIVER PIMA-
   MARICOPA INDIAN COMMUNITY
14 COURT,                                       **(Oral Argument Requested)**

15                                Defendants.

16

17          Defendants David Montiel and On-Auk-Mor Trade Center ("Defendants"),

18 and pursuant to Federal Rules of Civil Procedure Rules 12(b)(1) and 12(b)(2), hereby

19 move the Court for an Order dismissing them from this action. Defendants should be

20 dismissed because the Court lacks Personal Jurisdiction over Defendant Montiel, who is a

21 member and resident of the Salt River Pima-Maricopa Indian Community (the "Salt River

22 Community" or the "Reservation"). The Court further lacks subject matter jurisdiction

23 over the incident, since it occurred at the On-Auk-Mor Trade Center, which is located on

24 the Reservation.

25          As set forth herein, relevant case law provides that the allegations against

26 Defendants can only be maintained in Tribal Court.[1] Thus, the Court should dismiss

27 Defendants for lack of Personal and Subject Matter Jurisdiction.

28 _____
   [1] Ms. Stover currently has an action against Defendants and Frito Lay in the Reservation's Tribal Court.

1   **I.**          **BACKGROUND.**

2          The essence of this action is a personal injury claim. Rebecca Stover, who is

3   a Defendant here in this case, claims she was injured when she slipped on a cardboard box

4   at the On-Auk-Mor Trade Center, a convenient store located on the Reservation.

5   Defendant David Montiel is a member of the Community and the owner of the On-Auk-

6   Mor Trade Center (See also Plaintiff's Complaint, ¶6). Ms. Stover alleges that the

7   cardboard box was left on the floor by a Frito Lay deliveryman. On May 14, 2010,

8   Rebecca Stover filed a personal injury action against Defendants Montiel, On-Auk-Mor,

9   and Frito Lay. The action was filed in the Maricopa County Superior Court, Case number

10  CV2010-015485.

11         On June 15, 2010, Defendants Montiel and On-Auk-Mor filed a Motion to

12  Dismiss the claims against them, based on the fact that the Court lacked Personal

13  Jurisdiction over Defendants, and further lacked Subject Matter Jurisdiction over the

14  matter since it occurred on Indian Land. Defendants asserted that any such claim against

15  Defendants would have to be filed in Tribal Court, as the Salt River Pima-Maricopa

16  Community has their own Tribal Court. The Court agreed and on September 27, 2010,

17  after the Motion was fully briefed, the Court signed the Order granting the Motion and

18  dismissing Defendants Montiel and On-Auk-Mor from the Superior Court action (See also

19  Plaintiff's Complaint, ¶11).

20         On information and belief, Plaintiff then dismissed the Superior Court

21  action and re-filed her claims against all Defendants in Tribal Court. However, Frito Lay

22  has now filed this Complaint here in the United States District Court, seeking an order

23  divesting the Tribal Court of jurisdiction over Ms. Stover's action. Frito Lay seeks an

24  Order from this Court, that Ms. Stover's claims should be adjudicated by this Court; that

25  the Tribal Court be enjoined from proceeding against Frito Lay in Tribal Court; and a

26  declaration that Ms. Stover's claims are barred by Res Judicata, Collateral Estoppel,

27  and/or the two year Statute of Limitations.  But the biggest question is: *Why did Frito Lay*

28  *include Defendants Montiel and On-Auk-Mor in this action?*

2

**II.       THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS, AND SUBJECT MATTER JURISDICTION OVER THIS MATTER.**

Federal Rules of Civil Procedure, Rule 12(b)(1) and Rule (12(b)(2) provide that a party must assert both lack of subject matter jurisdiction and lack of personal jurisdiction, via Motion to be made before a responsive pleading is filed. As clearly set forth in Frito Lay's Complaint herein, paragraph six (6), Defendant Montiel is a member of the Salt River Community, and Defendant On-Auk-Mor is located on the reservation. And it is well-settled that actions between Native Americans and Non-Native Americans that arise on the reservation, must be resolved in the Tribal Court.

The seminal case for that is the United States Supreme Court decision in Williams v. Lee, 358 U.S. 217, 79 S.Ct. 269 (1959). Williams involved an action originally filed in State Court by a Non-Native American against a Native-American, to collect for goods sold on credit. Defendants moved for dismissal of the action, claiming that only the Tribal Court had jurisdiction. The Motion was denied, and appealed, until the matter reached the United States Supreme Court, which reversed the decision.

Specifically, the Supreme Court held that allowing State Court to exercise jurisdiction would "undermine the authority of the tribal courts over Reservation affairs and hence would infringe on the right of the Indians to govern themselves." 358 U.S. at 222, 79 S.Ct. at 272. The Court further emphasized that it was immaterial that Plaintiff was not a Native American, since he was on the Reservation and the transaction took place there. The Supreme Court dismissed the matter, recognizing that the Court has "consistently guarded the authority of Indian governments over their reservations. Congress recognized this authority in the Navajos in the Treaty of 1868, and has done so ever since." 358 U.S. at 222, 79 S.Ct. at 272. *See also* Enriquez v. Superior Court, In and For Pima County, 115 Ariz. 342, 565 P.2d 522 (Ariz.App.1977)[2] (Assumption of jurisdiction by a state court would infringe upon the right of Native Americans to make

---

[2] A case in which the Court granted a Motion for Dismissal for lack of personal and subject matter jurisdiction.

and be governed by their own laws, which includes the right to determine what conduct on the reservation will subject resident Native Americans to civil liability).

The same applies here. Ms. Stover was on the Reservation when the incident occurred. Defendant is a member and resident of the Salt River Community, and the owner of the On-Auk-Mor Trade Center, which is located on the Reservation. Previously, in Superior Court, the Court correctly ruled that it did not have jurisdiction over Defendants and this matter, as it properly belonged in Tribal Court. Subsequently, Ms. Stover re-filed her claim in Tribal Court.  Now, Frito Lay objects to the Tribal Court's adjudication over Ms. Stover's claims, but Defendants see no reason Frito Lay's Complaint should include or apply to Defendants. Rather, the matter, at least as it relates to Defendants Montiel and On-Auk-Mor, is now properly before the Tribal Court and should stay there.

Indeed, the Salt River Community has established its own Court system in accordance with their rights of self-government, as set forth above. And as adopted by Congress, and enforced by our Country's highest Court, exercising jurisdiction over Defendants in this matter would improperly infringe on those rights. Therefore, Defendants respectfully request that the Court dismiss this action as to Defendants Montiel and On-Auk-Mor, for lack of Personal and Subject Matter Jurisdiction.

**III.    THE DOCTRINE OF COLLATERAL ESTOPPEL BARS PLAINTIFF FROM MAINTAINING THIS ACTION AGAINST DEFENDANTS.**

The doctrine of Collateral Estoppel generally bars re-litigation of the same issues. Burlington Northern R. Co. v. Hyundai Merchant Marine Co., Ltd., 63 F.3d 1227 (C.A.3 (N.J.),1995). The doctrine precludes issues that were actually litigated and were essential to the action. The following conditions are required:

1)    the issue sought to be precluded is the same as that involved in the prior action;
2)    the issue in question was actually litigated;
3)    it was determined by a final and valid judgment; and
4)    the determination was essential to the prior judgment;

63 F.3d at 1231-1232.

Here, paragraph eleven (11) of Plaintiff's Complaint plainly sets forth the fact that Ms. Stover's action was originally filed in Superior Court but dismissed on Motion for Lack of Jurisdiction. Thus, on the face of the Complaint itself, it is clear that the issue of whether a Non-Tribal Court has jurisdiction over Defendants was previously litigated. It was adjudged and determined by a valid Order dismissing Defendants, and that Order was essential to the action. So much so that it prompted Ms. Stover to dismiss the action in its entirety and re-file in Tribal Court.

As such, not only is there no independent basis for jurisdiction over Defendants, but this very issue was already litigated and decided in a prior action involving all the parties herein. Accordingly, Defendants respectfully request that the Court grant this motion and dismiss David Montiel and On-Auk-Mor Trade Center from this action.

## IV.    CONCLUSION.

Based on the foregoing, Defendants respectfully request that the Court grant the Motion and dismiss Defendants from this action. The proper forum for Plaintiff to pursue Defendants is in the Tribal Court of the Salt River Indian Community, where the subject incident occurred.

DATED this 5th day of December, 2011.

LAW OFFICES OF SHAYE MANN, PLLC


By /s/Shaye Mann
    Shaye Mann
    1212 E. Osborn Road, Suite 111
    Phoenix, AZ 85014
    *Attorneys for Defendants David Montiel*
    *and On-Auk-Mor Trade Center*

## CERTIFICATE OF SERVICE

I certify that on December 5, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to those attorneys registered with the CM/ECF:

Robert B. Zelms
Scott A. Alles
MANNING & KASS, ELLROD, RAMIREZ, TRESTER, LLP
6909 E. Greenway Parkway, Suite 200
Scottsdale, AZ 85254
*Attorney for Plaintiff Frito Lay*

Timothy G. Tonkin
Judd S. Nemiro
PHILLIPS LAW GROUP, P.C.
20 East Thomas Road, Suite 2500
Phoenix, AZ 85012
*Attorney for Defendant Rebecca Stover*

/s/ Shaye Mann